UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIAVANNA L.,<br><br>                              Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,[1]<br><br>                              Defendant. | Case No.:  3:19-cv-00705-RNB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 16, 17)** |

On April 16, 2019, plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her applications for a period of disability and disability insurance benefits, and for Supplemental Security Income ("SSI"). The operative complaint is the First Amended Complaint filed by plaintiff on July 8, 2019. (*See* ECF No. 7.) Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment.[2] For

---

[1] Andrew Saul is hereby substituted as the defendant in this case per Fed. R. Civ. P. 25(d).

[2] The parties have consented to Magistrate Judge jurisdiction.

the reasons set forth herein, plaintiff's motion for summary judgment is **DENIED** and the Commissioner's cross-motion for summary judgment is **GRANTED**.

## PROCEDURAL BACKGROUND

On June 9, 2015, plaintiff filed applications for a period of disability and disability insurance benefits and for SSI, alleging disability commencing December 31, 2012. (Certified Administrative Record ["AR"]) 224-25, 226-31.) Her applications were denied initially and upon reconsideration. (AR 169-73, 176-80.)

On May 18, 2016, plaintiff requested a hearing before an administrative law judge ("ALJ"). (AR 381-82.) The hearing was held on March 1, 2018. Plaintiff appeared with counsel, and testimony was taken from her, a medical expert ("ME"), and a vocational expert ("VE"). (*See* AR 52-100.) The ALJ issued a decision on April 10, 2018, finding that plaintiff was not disabled for purposes of her benefits applications. (AR 15-26.)

Thereafter, on April 28, 2018, plaintiff requested review of the decision by the Appeals Council. (AR 223.) The ALJ's decision became the final decision of the Commissioner on February 13, 2019, when the Appeals Council denied plaintiff's request for review. (AR 1-6.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ initially determined that plaintiff met the insured status requirements of the Social Security Act through December 31, 2016. (AR 18.) The ALJ proceeded to follow the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.[3]

---

[3] Unless otherwise indicated, all references herein to the Commissioner's regulations are to the regulations in effect at the time of the ALJ's decision. Hereafter, the Court will only be citing the regulations applicable to disability insurance benefits applications because the parallel SSI regulations are virtually identical.

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 31, 2012, the alleged onset date. (AR 18.)

At step two, the ALJ found that plaintiff had the following severe impairments: "Crohn's disease of the small bowel and colon; interstitial cystitis; obesity; anxiety NOS; and depression NOS." (AR 18.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 19.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work as defined in the Commissioner's regulations, subject to certain non-exertional limitations. (AR 20.) Specifically, the ALJ found:

> "[S]he can lift and carry 20 pounds occasionally and 10 pounds frequently; and can stand and/or walk for 6 hours out of an 8-hour workday, and sit for 6 hours out of an 8-hour workday, with normal breaks; must avoid concentrated exposure to extreme cold and extreme heat; must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other pulmonary irritants; must have ready access to restroom facilities, meaning being able to get to a restroom from the work area in less than three minutes; can understand, remember, and carry out simple instructions for simple repetitive tasks; with no high stress work, but can tolerate simple decision making and few workplace changes." (*Id.*)

For purposes of his step four determination, the ALJ adduced and accepted the VE's testimony that a hypothetical person with plaintiff's vocational profile and RFC would not be able to perform and sustain any of plaintiff's past relevant work. Accordingly, the ALJ found that plaintiff was unable to perform any of her past relevant work. (AR 24.)

The ALJ then proceeded to step five of the sequential evaluation process. Based on the VE's testimony that a hypothetical person with plaintiff's vocational profile and RFC could perform the requirements of representative occupations that existed in significant numbers in the national economy such as photo copy machine operator, sales attendant, housekeeping cleaner, the ALJ found that plaintiff had not been under a disability at any

time from December 31, 2012 (the alleged onset date) through the date of his decision. (AR 25-26.)

Accordingly, the ALJ concluded that plaintiff was not disabled. (AR 26.)

**PLAINTIFF'S CLAIMS OF ERROR**

1. The ALJ impermissibly rejected plaintiff's subjective symptom testimony.
2. The ALJ failed to reject the lay witness testimonial evidence.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A. Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination.**

Plaintiff's first claim of error is directed to the ALJ's adverse credibility determination with respect to plaintiff's administrative hearing testimony concerning her need for frequent bathroom breaks as a result of her severe Crohn's disease and interstitial

cystitis. (*See* ECF No. 16-1 at 5-11.) Plaintiff testified that she stopped working back in 2012 because the nature of her impairments would have her going to the bathroom for a long periods of time up to 45 minutes; that she would have to be in the bathroom for 15-45 minutes each time; and that at best she goes to the bathroom 2-3 times a day and at worst 5-6 times a day. (*See* AR 62, 76, 84-87.)

As a preliminary matter, the Court does not construe the ALJ's RFC determination as a complete rejection of plaintiff's testimony concerning her need for frequent bathroom breaks. In the Court's view, the ALJ adequately accommodated plaintiff's testimony regarding the frequency of the bathroom breaks she needed to take as a result of her Crohn's disease and interstitial cystitis by specifying that (a) plaintiff be entitled to take normal breaks; and (b) plaintiff "must have ready access to restroom facilities, meaning being able to get to a restroom from the work area in less than three minutes." In addition, inasmuch as plaintiff had testified that the frequency of the bathroom breaks she had to take was tied to how stressed out she was (*see* AR 97), the ALJ further accommodated plaintiff's testimony regarding the frequency of the bathroom breaks she needed to take by specifying that (a) the work not be "high stress"; and (b) the work be limited to "simple repetitive tasks," "simple decision making," and "few workplace changes." In his hypothetical to the VE, the ALJ posited an individual who was going to be off task from the job duties for bathroom breaks for 15 minutes twice a day in addition to the normal 15-minute morning and afternoon breaks and the typical half-lunch break. (*See* AR 93.) In other words, a total of five extended bathroom breaks each workday. The VE testified that the three jobs he had identified would still be available. (*See* AR 93-94.)

However, in the Court's view, the ALJ's RFC determination and ultimate finding that plaintiff's impairments were not of disabling severity did constitute an implicit rejection of plaintiff testimony regarding the duration of the bathroom breaks she needed to take as a result of her Crohn's disease. The VE testified that no employer would tolerate a hypothetical individual who had to go into the restroom for 15-45 minutes throughout the

workday and who was effectively off task or away from their station 25% of the time. (*See* AR 94.)

The law is well established in this Circuit that, where the claimant has produced objective medical evidence of an impairment or impairments which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating specific, clear and convincing reasons for doing so. *See, e.g.*, *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014); *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2009).

Here, one of the ALJ's findings was that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*See* AR 21.)

Since the Commissioner has not argued that the record here contains any evidence of malingering, the Court will apply the "clear and convincing" standard to the ALJ's adverse credibility determination.

Plaintiff would have the Court invoke the rule that "the Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc)). However, it appears to the Court from the ALJ's decision that the ALJ had two other reasons for not crediting plaintiff's testimony regarding the disabling severity of her Crohn's symptoms (which encompassed her testimony regarding the duration of her bathroom breaks).

The ALJ's primary reason was that plaintiff's Crohn's disease was being well managed with appropriate medical treatment. (*See* AR 21-22, 24.) By way of example,

the ALJ cited evidence that plaintiff's treating gastroenterologist had noted on multiple occasions throughout the relevant time period that, when she was compliant with her prescribed medication, plaintiff's Crohn's disease had resolved or was stable or was in remission and/or that plaintiff was doing well overall and/or that her related symptoms had resolved or were in remission. (*See* AR 500, 504, 766, 786, 828, 832, 834, 856, 858.) Plaintiff herself had reported several times to her treating physicians that her Crohn's disease was under control and/or that her related symptoms were minimal in nature. (*See* AR 477, 651, 832, 858.) One time when plaintiff did report that her symptoms had flared up since her prior visit, she had been noncompliant with her medication and special diet. (*See* AR 669-70.)

The Court finds that this reason for not crediting plaintiff's testimony regarding the severity of her Crohn's symptoms was supported by the substantial evidence of record. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (reiterating that substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'"). The Court further finds that this reason constituted a legally sufficient reason for not crediting plaintiff's testimony regarding the severity of her Crohn's symptoms under both the Commissioner's regulations and Ninth Circuit case law. *See* 20 C.F.R. § 404.1529(c)(3)(iv)-(v); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (stating that "[i]mpairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for [social security] benefits"); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ may properly base adverse credibility determination on treating physician's report that claimant's symptoms had improved with the use of medication).

The ALJ also cited another reason in support of his adverse credibility determination:

> "The claimant has not generally received the type of medical treatment one would expect for a totally disabled individual. The claimant's course of treatment since her alleged disability onset date has generally reflected a conservative approach. She has not required emergency room or hospital

treatment for flare-ups or exacerbations of her symptoms. She has had no gastrointestinal surgeries." (AR 22.)

While it appears from plaintiff's medical records that plaintiff was hospitalized on one occasion with a small bowel obstruction, it further appears that plaintiff had discontinued her Crohn's medication prior to that incident. (See AR 437.) In any event, the Court concurs with the ALJ's characterization of plaintiff's medical treatment for her Crohn's disease as relatively conservative. *See Lee v. Astrue*, 695 F. Supp. 2d 1033, 1039-40 (C.D. Cal. 2010) (characterizing treatment of Crohn's disease with medication as conservative). Moreover, the Court finds that this reason for not crediting plaintiff's testimony regarding the severity of her Crohn's symptoms also constituted a legally sufficient reason on which the ALJ could properly rely. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("We have previously indicated that evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ may draw adverse inference against claimant's credibility from fact claimant did not seek an aggressive treatment program).

Finally, since the ALJ was not basing his adverse credibility determination solely on the lack of objective evidence to support plaintiff's testimony regarding the severity of her Crohn's symptoms, it was not improper for the ALJ to also rely on that reason. Plaintiff has not cited any objective findings in her medical records that her Crohn's disease caused a need for bathroom breaks for 15-45 minutes throughout the day. *See Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) (noting that "a claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings").

The Court therefore finds that reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination.

1  **B.    Reversal is not warranted based on the ALJ's failure to properly consider the
2          lay witness testimonial evidence.**

Plaintiff second claim of error is directed to the ALJ's apparent failure to even consider the written testimonial evidence provided by plaintiff's mother. (AR 281-88.) As summarized by plaintiff, plaintiff's mother averred in pertinent part that plaintiff lives with her; that plaintiff has to make frequent trips to the bathroom; that plaintiff's sleep is interrupted by the frequent trips to the bathroom; that plaintiff has panic attacks and poor endurance for household tasks; and that plaintiff tires easily. (*See* ECF No. 16-1 at 12.)

The law is well-established in this Circuit that lay witness testimony as to how a claimant's symptoms affect the claimant's ability to work is competent evidence and cannot be disregarded without providing specific reasons germane to the testimony rejected. *See, e.g.*, *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ failed to mention the mother's testimonial evidence, let alone provide any specific reasons germane to the mother's testimonial evidence for rejecting it. The Commissioner does not dispute that the ALJ erred, but rather maintains that the error was harmless because plaintiff's mother's statements were duplicative of plaintiff's own claims and because plaintiff's mother did not assert that plaintiff had functional limitations beyond plaintiff's RFC. (*See* ECF No. 17-1 at 9-10.)

The Court notes that, in her Reply Brief, plaintiff did not address either of the Commissioner's contentions. The Court concurs with the Commissioner that plaintiff's mother's statements were duplicative of plaintiff's own claims of functional limitations, including frequent trips to the bathroom (*see* AR 84-85), panic attacks (*see* AR 81-82), sleep disturbance and fatigue (*see* AR 295), and limited ability to perform household chores (*see* AR 296-98). The ALJ addressed these claims of plaintiff in connection with his determination of plaintiff's RFC. (See AR 21-24.) Indeed, as discussed above, the only part of the ALJ's adverse credibility determination being challenged by plaintiff is the ALJ's failure to credit plaintiff's testimony concerning her need for frequent bathroom

breaks. The Court has found that the ALJ's RFC determination adequately accommodated plaintiff's testimony regarding the frequency of the bathroom breaks plaintiff needed to take. Plaintiff's mother did not say anything about the duration of plaintiff's bathroom breaks and the Court has found that the ALJ did not err in failing to credit plaintiff's testimony concerning that issue.

In *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012), the Ninth Circuit held that the ALJ's failure to provide specific reasons for rejecting lay testimony was harmless error where the lay witness testimony did not describe any more limitations than those the claimant herself had described, which the ALJ had validly rejected. *See also, e.g., Vivian v. Saul*, 780 F. App'x 526, 527 (9th Cir. 2019) (holding that ALJ's error in failing to provide germane reasons for discounting lay witness evidence was harmless for same reason); *Shuey v. Astrue*, 480 Fed. Appx. 439, 441 (9th Cir. 2012) (same). In accordance with this case law authority, the Court concurs with the Commissioner that the ALJ's failure to properly consider the mother's lay witness testimonial evidence was harmless error.

## CONCLUSION AND ORDER

For the foregoing reasons, plaintiff's motion for summary judgment is **DENIED**, the Commissioner's cross-motion for summary judgment is **GRANTED,** and it is hereby **ORDERED** that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: March 2, 2020

_____
ROBERT N. BLOCK
United States Magistrate Judge